IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil No. 1:10-cv-61

| | |
|---|---|
| FD MANAGEMENT, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MELODY FRANCIS d/b/a Abigail's )<br>Red Door; and MICHAEL READER )<br>d/b/a StyleNet.com, )<br>)<br>Defendants. )<br>_____ ) | **CONSENT JUDGMENT<br>AND PERMANENT INJUNCTION** |

This matter is before the Court upon the Motion for Entry of Consent Judgment by Plaintiff FD Management, Inc. ("FD Management"). The Court, with the consent of the parties, makes the following

### FINDINGS OF FACTS AND CONCLUSIONS OF LAW

1. This Court has jurisdiction over the parties and the subject matter of this action.

2. Prior to the acts of Defendants complained of herein, FD Management, as the owner and licensor of certain Elizabeth Arden intellectual property, including exclusive rights to the RED DOOR trademarks for salon and spa services, and for toiletries, perfume and cosmetics, has extensively used, advertised, marketed and sold products and services, including but not limited to salon and spa services,

throughout the United States under its distinctive Red Door trademarks and service marks (the "Red Door Marks").

3. Prior to the acts of Defendants complained of herein, FD Management and its predecessors in interest owned valid and enforceable trademark rights in the Red Door Marks for salon and spa services, fragrances and cosmetic products.

4. The trademark "Red Door," has, for more than sixty-five (65) years been exclusively associated with Elizabeth Arden, and Red Door Spas are one of the greatest symbols of the Elizabeth Arden brand.

5. Because of the renown and reputation of the Red Door Salons and Spas, the trademark "Red Door" is closely associated in the minds of consumers with top-quality salon and spa services, fine fragrances and cosmetic products.

6. FD Management owns valid and subsisting registrations in the United States Patent and Trademark Office for, inter alia, the following Red Door Marks:

> a) Registration No.: 893,456
> Mark: RED DOOR
> Registration Date: June 23, 1970
> Services: Beauty parlor and beauty counseling services
> Date of first use: July 1, 1944
>
> b) Registration No.: 1,569,090
> Mark: RED DOOR
> Registration Date: December 5, 1989

Goods: Toiletries, namely eau de parfum
   Date of first use: August 2, 1988

   c) Registration No.: 1,648,624
   Mark: RED DOOR
   Registration Date: June 25, 1991
   Goods: Eau de toilette, perfume body lotion and parfum
   Date of first use: September, 1989

7. The above-referenced registrations are incontestable, which are conclusive evidence of the validity of the registrations, FD Management's ownership of the registered trademarks, and FD Management's exclusive right to use the registered trademarks in commerce in connection with the goods and services specified in the certificates of registration enumerated above, under 15 U.S.C. §1115(b).

8. FD Management exercises strict control over the use of the Red Door Marks by controlling the licensing, manufacturing, distribution, promotion and advertising of its Red Door Spas and prestige fragrance products.

9. The advertising, marketing and promotion of Red Door Spas and products through the use of the Red Door Marks for more than sixty-five (65) years has caused the consumer to recognize the Red Door Marks as indicators of FD Management's premium salon and spa services and prestige fragrances, and the Red Door Marks have become and are associated solely and exclusively with Elizabeth Arden's Red Door Spas

and prestige fragrance and cosmetic products in the minds of consumers for beauty and spa services.

10. FD Management's related company, Elizabeth Arden Spas, LLC, owns the domain names reddoorsalon.com and reddoorspas.com, and is using them as the main company domains for the famous Elizabeth Arden Red Door Spas.

11. Subsequent to FD Management's adoption and use of the Red Door Marks, Defendant Francis opened a hair salon in Waynesville, North Carolina, under the name Red Door Salon & Spa, and after receiving a written objection from FD Management, subsequently changed the name to Abigail's Red Door.

12. Subsequent to FD Management's adoption and use of the Red Door Marks, Defendant Reader, d/b/a StyleNet.com registered the domain name AbigailsRedDoor.com, and maintained it as a website to promote Defendant Francis's hair salon.

13. Defendant Francis and Defendant Reader are not affiliated with, nor are they licensees of FD Management, nor are they otherwise authorized to use FD Management's Red Door Marks on a hair salon, or as part of a domain name promoting a hair salon.

14. Defendant Francis's operation of a hair salon under the name Red Door Salon & Spa, and Abigail's Red Door, and Defendant Reader's

registration of the AbigailsRedDoor.com domain name, did not begin until long after FD Management's Red Door Marks had become exclusively associated in the minds of consumers with world-class salon and spa services, in violation of FD Management's prior and superior rights.

15. Defendant Francis acknowledges that her use of the Red Door Marks on a hair salon, as a business name and as a domain name is likely to cause confusion as to sponsorship or authorization by FD Management. Defendant Francis's actions constitute trademark infringement in violation of section 32(a) of the Lanham Act, 15 U.S.C. § 1114, and false designation of origin, passing off and unfair competition under 15 U.S.C. § 1125(a), and cyberpiracy under 15 U.S.C. § 1125(d).

16. Defendant Reader acknowledges that his use of the Red Door Marks to register the domain name AbigailsRedDoor.com is likely to cause confusion as to sponsorship or authorization by FD Management. Reader's actions constitute cyberpiracy under 15 U.S.C. § 1125(d).

17. FD Management and Defendants have waived notice of the entry of this Consent Judgment and Permanent Injunction and the right to appeal therefrom or to test its validity.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. Defendant Francis, her agents, servants, employees, and attorneys, and those persons in active concert or participation with

Defendant Francis who receive actual notice of the Court's order by personal service or otherwise, are hereby ordered:

(a) To immediately cease and permanently refrain from using any of the Red Door Marks, or any words that are likely to cause confusion as to the source, sponsorship or affiliation of FD Management with Defendant Francis, as a trademark, trade name, business name or domain name;

(b) To immediately cease and permanently refrain from operating a salon facility under a name that includes the words "Red Door," or any words that are likely to cause confusion as to the source, sponsorship or affiliation of FD Management with Defendant Francis regardless of spelling; and

(c) To immediately cease and permanently refrain from using any of the Red Door Marks, or any words that are likely to cause confusion as to the source, sponsorship or affiliation of FD Management with Defendant Francis, for goods

or services, or on the internet, or otherwise engaging in acts or conduct that would cause a likelihood of confusion as to the source, sponsorship or affiliation of Defendant Francis with FD Management.

2. Defendant Reader, his agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendant Reader who receive actual notice of the court's order by personal service or otherwise, are hereby ordered:

    (a) To transfer the domain name AbigailsRedDoor.com to FD Management; and

    (b) To never again register any domain name or maintain any website that incorporates the words "Red Door" or any variation or colorable imitation, or any word that is likely to cause confusion thereto, for spa or hair salon or related beauty services.

3. Defendant Francis is ordered to inform the local telephone company where Defendant Francis has telephone service to immediately change all telephone numbers listed under Red Door Salon & Spa or

Abigail's Red Door and to not provide a forwarding number to anyone who calls asking for Red Door Salon & Spa or Abigail's Red Door.

4. Defendant Francis, in accordance with 15 U.S.C. § 1116(a), is directed to file with this Court and serve upon FD Management within thirty (30) days after service of the permanent injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant Francis has complied with the permanent injunction.

5. The Court retains jurisdiction over this action for the sole purpose of enforcement of compliance with this Consent Judgment and Permanent Injunction and the associated Settlement Agreement between FD Management and Defendants, for further orders and directions as may be necessary or appropriate for the construction and effectuation of this Consent Judgment and Permanent Injunction and Settlement Agreement.

6. Except for the relief herein granted, the above identified civil action, including all claims, counterclaims, and affirmative defenses which FD Management or Defendants have, could have or should have asserted therein, is hereby **DISMISSED WITH PREJUDICE**.

7. The parties shall pay their own attorney's fees and costs.

This the __18__ day of __June__, 2010.

_____
UNITED STATES DISTRICT COURT JUDGE

WE CONSENT:

FD Management, Inc.

By: _____
Name: JAMES THOMAS PERRY
Title: VICE PRESIDENT
Date: MAY 17, 2010

Melody Francis
d/b/a Abigail's Red Door

By: _Melody M Francis_
Name: _Melody M. Francis_
Title: _President_
Date: _5/11/2010_

Michael Reader
d/b/a StyleNet.com

By: *[signature]*
Name: Michael Reader
Title: CEO
Date: 5/7/10